FILED IN CHAMBERS
U.S.D.C. Rome

AUG 24 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HENRY E. ADAMS, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:03-CV-2464-RLV |
| COBB COUNTY SCHOOL DISTRICT, COBB COUNTY BOARD OF EDUCATION, JAMES WILSON, THOMAS DOHRMAN, FRANK CYR, and CHERRY GIBSON, | |
| Defendants. | |

O R D E R

On November 10, 2003, the defendants filed a motion to dismiss certain of the plaintiff's claims. On July 28, 2004, the magistrate judge recommended that the defendants' motion be granted in part and denied in part. On September 22, 2004, this court adopted the magistrate judge's report and recommendation. As a result, the only claims left in the lawsuit were the plaintiff's (1) Title VII race discrimination and retaliation claims against the school district, (2) 28 U.S.C. § 1983 race discrimination and retaliation claims against the school district, and (3) section 1983 claim alleging retaliation in violation of section 1981 against James Wilson.

These remaining defendants moved for summary judgment on the remaining claims, and in a report and recommendation dated July 6, 2006, the magistrate judge recommended that the motion be denied with respect to the plaintiff's Title VII claim alleging that these defendants had discriminated and retaliated against him by failing

to promote him to the position of principal and by demoting him to the position of teacher. The magistrate judge recommended that the motion be granted in all other respects.

In recommending that the motion be denied in part, the magistrate judge concluded that the defendants had failed to move for summary judgment on those specific claims and had belatedly addressed these claims only in their reply brief. The magistrate judge also stated that the defendants had not provided sufficient citations to the record to show that they were entitled to summary judgment.

The court adopts the magistrate judge's recommendation that defendants be granted summary judgment on two of the plaintiff's claims. However, the court finds that the school district properly moved for summary judgment on the plaintiff's Title VII claims. Moreover, the same facts that entitled the defendants to summary judgment on the plaintiff's section 1983 claims show their entitlement to summary judgment on the plaintiff's Title VII claim. Specifically, there was no open position of principal to which the plaintiff could be promoted, and the school district articulated legitimate, non-discriminatory reasons (which were not shown to be pretextual) for the disciplinary actions it took against the plaintiff. Thus, the school district is entitled to summary judgment on the plaintiff's Title VII claims.

For the foregoing reasons (including the articulation of facts found in the magistrate judge's report and recommendation), the defendants' motion for summary judgment is GRANTED in all respects.

SO ORDERED, this 24TH day of August, 2006.

Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge